Morphy, J.
This is an action to recover the value of some hogsheads of tobacco, shipped on board of the steamboat George ‘Collier, from divers points on the river Mississippi, and which were not delivered in New Orleans pursuant to the bill of lading. The defence set up is, that the defendants are not liable, because their boat, without their fault, or that of the persons having charge of her, wás run foul of on her voyage down the Mississippi, by the steamboat Emperor, then going up the river, by which collision and unavoidable accident the plaintiff’s tobacco was thrown overboard, and either lost or damaged, &c. There was a judg *202 ment below in favor of the plaintiff, from which the defendants have appealed.
On the trial of the case, the testimony of several witnesses was offered to show, that the plaintiff’s tobacco was lost in consequence of a collision which took place between the George Collier and the steamboat Emperor, without any fault or negligence on the part of the defendants or their agents ; and that the collision was an unavoidable accident, &c. This testimony, being objected to by the plaintiff, was rejected by the inferior Judge, on the ground, that the collision of itself is not one of those unavoidable accidents or dangers provided for in the bill of lading. The testimony was, in our opinion, improperly excluded. A common carrier is responsible for the loss or damage of things entrusted to his care, unless the same is occasioned by accidental and uncontrolable events. Giv. Code, art. 2725. The terms of the bill of lading free the defendants from any responsibility for losses happening from unavoidable accidents and dangers of the river. •Whether the collision was an accidental and uncontrolable event within the meaning of the Code, or was an unavoidable accident and danger of the river, as provided for by the bill of lading, must depend entirely upon the circumstances under which it happened. If there was no fault or carelessness on the part of those who had charge of the George Collier, arid it was out of their power to have prevented the collision, we can see no good reason why it should not be considered as an unavoidable accident, and as one of the dangers of the river, within the meaning of the bill of lading. All the writers on the law of insurance mention the running foul of other vessels as one of the perils of the sea, and hold, that the insurers must make indemnity for ány loss resulting from such accidents, when not imputable to the misconduct- or negligence of the master or crew of the ship insured. 1 Phillips on Insurance, 635, 636. 2 Marshall, 493.
In Peters v. The Warren Ins. Co. it was held, that a loss by collision, without any fault on either side, is a loss by the perils of the sea, within the protection of the policy of insurance. 14 Peters, 99. And in 2 Sumner’s Rep.' 567, Judge Story describes “ the dangers of the sea in a bill cf lading, to be equivalent to perils of the sea in a policy of insurance.” In Abbot on Shipping, we *203 find the case of a ship in which goods were conveyed being run down in daylight and not in a tempest, by one of two other ships that were sailing in an opposite direction. As, under the circumstances, there was no blame imputable to the master or crew of the ship, the loss was held to fall within the meaning erf the exception in the bill of lading, and to have happened by a peril of the sea. Part 3, ch. 4, p. 209. We, therefore, think that the inferior court erred in rejecting the testimony, offered to show that the tobacco, the value of which" is sued for, was lost in consequence of a collision, and that such collision happened without any fault on the part of the defendants, or their agents.
It is, therefore, ordered, that the judgment of the Parish Court be reversed, and that the case be remanded for a new trial, with instructions to the Judge of that court, to admit the testimony offered to show the circumstances attending the collision mentioned in the defendant’s answer. The plaintiff and appellee to pay the costs of this appeal.